### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

DCP OPERATING COMPANY, LP, and
DCP MIDSTREAM, LP,

      Plaintiffs,

v.                                                          No. 2:24-cv-628 SMD/KRS

TRAVELERS INDEMNITY COMPANY,

      Defendant.

### <u>JURISDICTIONAL ORDER</u>

This matter is before the Court *sua sponte*. Federal courts are courts of limited jurisdiction, and have a duty to address the question of their subject matter jurisdiction *sua sponte* whenever it could be in doubt. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Shields Law Grp., LLC v. Stueve Siegel Hanson LLP*, 95 F.4th 1251, 1279 (10th Cir. 2024); *Evitt v. Durland*, No. 00-6130, 242 F.3d 388 (Table), 2000 WL 1750512, at *2 (10th Cir. 2000) (unpublished). On November 19, 2024, Defendant was ordered to file an amendment or supplement to the Notice of Removal, clarifying the basis for diversity jurisdiction—specifically, the factual basis for Defendant's allegation that Plaintiffs are both citizens of Colorado. On December 3, 2024, Defendant filed an "Amendment to Notice of Removal Jurisdictional Statement" (hereinafter "Amendment") (Doc. 28), which fails to provide the information necessary to clarify Plaintiffs' citizenship. Additionally, it has come to the Court's attention through recent filings by both parties that the identity of the defendant may be in question. Correctly naming the defendant is essential for the Court to assess

whether there is diversity jurisdiction over the case. Accordingly, the Court addresses both of these issues in this order.[1]

## DISCUSSION

On November 15, 2023, Plaintiffs DCP Operating Company, LP (hereinafter "DCP Operating LP") and DCP Midstream, LP (hereinafter "Midstream LP") (collectively referred to as "the DCP Plaintiffs") filed a complaint in the First Judicial District, Santa Fe County, New Mexico, naming "Travelers Indemnity Company" as the defendant. *See* (Doc. 1-1). More than six months later, on June 20, 2024, the case was removed to this Court by St. Paul Fire & Marine Insurance Company ("St. Paul"), which claimed that, although it had never been served, it was the defendant named in the state court complaint albeit "improperly designated as Travelers Indemnity Company." (Doc. 1 at 1). The Notice of Removal states that St. Paul obtained a copy of the complaint "from the Court's electronic docket," and that it was "waiving formal service of the same." (*Id.*). The asserted basis for removal is federal court jurisdiction under the diversity statute, 28 U.S.C. § 1332(a). *See* (Doc. 1 at 2).

To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties, and that the amount in controversy exceeds $75,000." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (internal quotation marks and citation omitted). Whether these requirements have been met is "determined with reference to the facts as they existed at the time of filing." *Grynberg v. Kinder Morgan Energy Ptners., L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) (internal quotation marks and citations omitted). The Notice of Removal alleges

---

[1] Defendant cited to the allegations in the Notice of Removal when it asserted in a recent filing that "[t]his Court held that it has subject matter jurisdiction over the above-captioned action." (Doc. 32 at 11). The statement is incorrect. This Court has not yet determined whether it has subject matter jurisdiction based on diversity of citizenship.

that the requirements for diversity jurisdiction are met because (1) St. Paul is a Connecticut corporation with its principal place of business in Connecticut, while Plaintiffs are "limited partnership[s] with both the general and the limited partner's [sic] citizenship in Colorado" (Doc. 1 at 2); and (2) Plaintiffs seek reimbursement from St. Paul for the amount they paid to settle a personal injury action brought against them in state court ("the Underlying Tort Action"), which amount exceeds $75,000.00 (*id.* at 3).

In a case removed from state court, the defendant, as the party invoking federal court jurisdiction, bears the burden of pleading and ultimately proving the facts necessary for establishing the court's subject matter jurisdiction. *Spring Creek Exploration & Production Co., LLC v. Hess Bakken Inv., II, LLC,* 887 F.3d 1003, 1013–14 (10th Cir. 2018); *see Dutcher*, 733 F.3d at 985 ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." (internal quotation marks and citation omitted)). As part of that burden, the removing defendant must overcome the presumption against removal jurisdiction in general. *See Anderson v. XTO Energy, Inc.*, 341 F. Supp. 3d 1272, 1275 (D.N.M. 2018). "At the point of the filing of the notice of removal, … the defendant need only state the facts upon which jurisdiction is based." *McEntire v. Kmart Corp.*, No. CIV 09-0567 JB/LAM, 2010 WL 553443, at *3 (D.N.M. Feb. 9, 2010). But the existence of federal subject matter jurisdiction must be established on the face of the petition or notice of removal through allegations of *non-conclusory* facts. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice."); *Penteco Corp. Ltd. P'ship--1985A v. Union Gas Sys., Inc*, 929 F.2d 1519, 1521 (10th Cir. 1991) ("To determine whether a party has adequately presented facts sufficient to establish federal diversity jurisdiction,

… courts must look to the face of the [notice of removal], ignoring mere conclusory allegations of jurisdiction. The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (internal citations and quotation marks omitted)); *see also Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014) (the allegations supporting federal jurisdiction in a defendant's notice of removal must satisfy the plausibility standard of pleading). If the removing defendant is unable to affirmatively allege facts essential to a showing of federal subject matter jurisdiction, the case must be remanded to state court. *See* 28 U.S.C. § 1447(c).

Defendant has adequately alleged facts showing that the amount in controversy exceeds the jurisdictional minimum. The focus of this Order, therefore, is the requirement of complete diversity. Complete diversity means that no plaintiff may be a citizen of the same state as any defendant. *Dutcher*, 733 F.3d at 987. An individual's citizenship is determined by his or her domicile, which is defined as the place in which the party has a residence in fact with the intent to remain indefinitely. *McEntire,* 2010 WL 553443, at *3. Corporations are considered citizens of both the state where they are incorporated and the state where their principal place of business is located. *See* 28 U.S.C. § 1332(c)(1). But in *Carden v. Arkoma Associates,* 494 U.S. 185 (1990), the United States Supreme Court rejected an argument for extending the citizenship rule for corporations to other types of business entities. *Id.* at 189 ("While the rule regarding the treatment of corporations as 'citizens' [of the state of incorporation and state where the company maintains its principal place of business] has become firmly established, we have (with one [very limited exception inapplicable in most cases]) just as firmly resisted extending that treatment to other entities."). Under long established precedent, diversity jurisdiction in a suit by or against an association or entity other than a corporation depends on the citizenship of all the members of the

entity. For example, "[l]imited partnerships … are citizens of each and every state in which any partner is a citizen." *Suttman-Villars v. Argon Med. Devices, Inc*., Civ. No. 20-0778 KG/JFR, 2021 WL 4086126, at *2 (D.N.M. Sept. 8, 2021), including both the general and limited partners, *Carden*, 494 U.S. 192 ("We have never held that an artificial entity, suing or being sued in its own name, can invoke the diversity jurisdiction of the federal courts based on the citizenship of some but not all of its members."). And a limited liability company (LLC) "takes the citizenship of all its members." *Siloam Springs Hotel, L.L.C. v. Century Surety Co.,* 781 F.3d 1233, 1234 (10th Cir. 2015). To properly allege the citizenship of one of these types of business entities, the party seeking federal court jurisdiction must start by identifying each and every partner or member of the entity, and if any of those partners or members are themselves entities, their constituent persons or entities must also be identified, and so on "as far down as necessary to unravel fully the citizenship of the entity before the court." *Woodward, Inc. v. Zhro Solutions, LLC*, Civil Action No. 18-cv-01468-PAB, 2018 WL 11455060, at *2 (D. Colo. June 13, 2018).[2]

### A.    Citizenship of Defendant

The Notice of Removal adequately alleges the citizenship of St. Paul Fire & Marine Insurance Company. But the complaint names a defendant called "Travelers Indemnity Company." While Defendant contends that St. Paul is the name of the defendant Plaintiffs intended to sue, the

---

[2] *See also Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347-48 (7th Cir. 2006) ("The citizenship of a limited liability company is that of its members, and its members may include partnerships, corporations, and other entities that have multiple citizenships. A federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships." (internal citations omitted)), *abrogated on other grounds by RTP LLC v. ORIX Real Estate Capital*, 827 F.3d 689, 691–92 (7th Cir. 2016); *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd*., Civil Action No. 06–88–A, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("[W]hen partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be" (internal quotation marks and citation omitted)).

Court cannot just accept Defendant's unilateral assertion to that effect. The Court acknowledges that St. Paul appears to be the entity that Plaintiffs should have sued based on the insurance policy under which Plaintiffs allege Defendant had a duty to defend in the Underlying Tort Action and to indemnify for any losses suffered as a result of that action.[3] The Court further acknowledges that "courts routinely grant motions or stipulations to amend case captions (or amend the caption *sua sponte*) when a party has merely been misnamed or when a party's name is misspelled." *Hoemke v. Macy's W. Stores LLC*, No. CV-20-01317-PHX-DWL, 2020 WL 5229194, at *2 (D. Ariz. Sept. 2, 2020). But no motion or stipulation to amend the case caption has been filed here, and the Court is reluctant to act *sua sponte* given that Plaintiffs' intent regarding the identity of the defendant is unclear on the current record.

On the one hand, Plaintiffs appear to concur with St. Paul that the defendant has been misnamed, as shown by their motion seeking leave to file an amended complaint for the purpose of, among other things, "correct[ing] … the proper name for the Defendant." (Doc. 30 at 1 n.1). On the other hand, the proposed amended complaint attached to Plaintiffs' motion for leave to amend continues to name the defendant in the case caption as "Travelers Indemnity Company." Although the case caption is not controlling,[4] one might assume Plaintiffs' use of that name was intentional given that properly identifying the defendant was one of their stated purposes in seeking to file an amended complaint. Moreover, Plaintiffs also refer to the defendant as "Travelors" throughout the body of the proposed amended complaint. The only place where the name St. Paul

---

[3] *See* (Doc. 2-1 at 1 (certification page of the insurance policy indicating that the "Name of [the] Insuring Company" is "St. Paul Fire and Marine Insurance Company").

[4] *See* Wright & Miller, 5A FED. PRAC. & PROC. CIV. § 1321 ("the caption is not determinative as to the identity of the parties to the action, … although the naming of the party in the caption may be used in conjunction with the body of the complaint to determine that a named party is actually included in the action and thus is relevant to jurisdiction").

Fire & Marine Insurance Co. appears in the proposed amended complaint is in the introductory sentence, which indicates that St. Paul is the party against whom the complaint is brought but that St. Paul would thereafter be referred to as "Travelers." Plaintiffs have continued to use the name "Travelors" in their most recent filing as well. *See, e.g.,* (Doc. 36).

Why Plaintiffs continue to refer to the defendant as "Travelors" if the correct name for the insurer under the policy at issue is St. Paul remains a mystery. But the use of that name appears to be intentional, given that Plaintiffs continue to use it in the face of every filing Defendant has made in this case referring to "Defendant St. Paul Fire & Marine Insurance Company *improperly designated as* Travelers Indemnity Company." *E.g.,* (Doc. 2, 20, 28 (emphasis added)). The fact that Plaintiffs never served the defendant they intended to sue makes it difficult to clear up the confusion without further explanation from Plaintiffs. This is particularly true given that Defendant's corporate disclosure statement indicates that "Defendant St. Paul Fire & Marine Insurance Company … is 100% owned by The Travelers Companies, Inc." (Doc. 3), meaning that a corporate entity separate from St. Paul exists with the name Travelers.[5] "If the body of the complaint correctly identifies the party being sued or if the proper person actually has been served with the summons and the complaint, federal courts generally will allow an amendment under Federal Rule of Civil Procedure 15 to correct technical defects in the caption when that is thought necessary." Wright & Miller, 5A FED. PRAC. & PROC. Civ. § 1321. But "there is a difference between correcting a misnomer and changing a party." *Paatalo v. First Am. Title Co. of Mont., Inc.,* No. CV-13-128-BLG-SEH-CS, 2014 WL 858999, at *2 (D. Mont. Mar. 5, 2014) (internal quotation marks and citation omitted). Furthermore, a change in party (as opposed to correcting a

---

[5] *See also* (Doc. 2-1 at 2) (first page of insurance policy with the name "TRAVELERS" in large capital letters appearing at the top right corner of the page).

misnomer) "could implicate the Court's subject matter jurisdiction." *Hoemke*, 2020 WL 5229194, at *2.

Accordingly, before Defendant is required to further amend the jurisdictional allegations in the Notice of Removal, Plaintiffs will be required to clarify the identity of the defendant or defendants against whom they have filed this lawsuit, using the correct name of an entity that actually exists, whether that entity is St. Paul or The Travelers Companies, Inc., or both if Plaintiffs can in good faith allege a claim against both entities. If there is only one defendant against whom Plaintiffs can allege a viable claim without violating Federal Rule of Civil Procedure 11, then Plaintiffs should stipulate to the correct name of that defendant and refrain from using a confusing acronym that injects the name of a completely separate legal entity into these proceedings.

### B.    Citizenship(s) of the DCP Plaintiffs

The Notice of Removal alleges that the DCP Plaintiffs are "limited partnership[s] with both the general and the limited partner's [sic] citizenship in Colorado." (Doc. 1 at 2, ¶ A). This allegation suggests Defendant understands that, for diversity purposes, a limited partnership takes the citizenship of each general and limited partner. *See Nowell v. Medtronic, Inc.*, No. 19-2073, 2021 WL 4979300, at *1 n.1 (10th Cir. Oct. 27, 2021). The problem, however, is that the allegations regarding the DCP Plaintiffs' citizenship are conclusory in that the factual bases for asserting Colorado citizenship for the general and limited partners of those entities is missing. *See id.* (where the court "ordered the Appellees to file a response listing Covidien LP's general and limited partners and to provide the information necessary to ascertain the citizenship of each"); *see also Penteco Corp. Ltd. P'ship--1985A*, 929 F.2d at 1521 ("mere conclusory allegations of jurisdiction" are to be ignored). For this reason, Defendant was ordered to file a supplement or amendment to its jurisdictional allegations. (Doc. 26). But the facts provided in Defendant's

Amendment are either irrelevant or too confusing to shed light on the citizenship inquiry. Setting aside the irrelevant matters set forth in the Amendment,[6] the Court is unable to discern from the remaining allegations factual information from which it might determine the citizenship of the two limited partnership entities at issue.

### 1. DCP Operating LP

The Amendment states that DCP Operating LP "is wholly owned" by the other Plaintiff, Midstream LP. (Doc. 28 at 1). But the concept of being "wholly owned" by another entity makes little sense in the context of a partnership, which, by definition, consists of more than one person or entity. *See, e.g., PARTNERSHIP,* BLACK'S LAW DICTIONARY (12th ed. 2024) ("**partnership (16c)** A voluntary association of *two or more persons* who jointly own and carry on a business for profit. …" (emphasis added)).[7] The Amendment is also internally inconsistent in alleging both that DCP Operating LP is "wholly owned" by Midstream LP *and* that DCP Operating LP "is actually a limited partnership with *both* the general and limited partner's [sic] citizenship in Colorado."

---

[6] For instance, the Amendment continues to refer to the DCP Plaintiffs' allegation in their Complaint that they are Delaware corporations with their principal places of business in Denver, Colorado, to which Defendant adds the allegation that Midstream LP is "headquartered in Denver, Colorado." (Doc. 28 at 1). As Defendant acknowledges, the entities in question are limited partnerships for which the corporate rule for determining citizenship does not apply. *See Penteco Corp. P'ship--1985A,* 929 F.2d at 1522–23. While the DCP Plaintiffs' allegations cited by Defendant may have been relevant for the DCP Plaintiffs to include in their Complaint because it was filed in state court, they are of no help to Defendant in establishing federal court jurisdiction.

[7] A limited partnership is simply one type of partnership, which still must include more than one person or entity. *See PARTNERSHIP,* BLACK'S LAW DICTIONARY (12th ed. 2024) ("…. **limited partnership (18c)** A partnership composed of one or more persons who control the business and are personally liable for the partnership's debts (called general partners), *and* one or more persons who contribute capital and share profits but who cannot manage the business and are liable only for the amount of their contribution (called limited partners)." (emphasis added)); *see also* Del. Code Ann. tit. 6, § 17-101(11) ("'Limited partnership' and 'domestic limited partnership' mean a partnership formed under the laws of the State of Delaware **consisting of 2 or more persons** and having 1 or more general partners and 1 or more limited partners …." (emphasis added)).

(Doc. 28 at 1) (emphasis added). DCP Operating LP cannot be "wholly owned" by a single entity (Midstream LP), and, at the same time, consist of two separate entities (a general and a limited partner). Defendant needs to identify the general and limited partners of DCP Operating LP without using the language "wholly owned."

### 2.    **Midstream LP**

The Amendment asserts that Midstream LP "is wholly owned by DCP Midstream LLC" (hereinafter "Midstream LLC") (Doc. 28 at 1). This allegation continues to use the inapt terminology of "wholly owned." Midstream LP, like DCP Operating LP, is a limited partnership, and, as previously discussed, by definition a limited partnership cannot be "wholly owned" by any one person or entity, but instead must be comprised of at least one general partner and one limited partner. Defendant needs to identify the general and limited partners of Midstream LP without using the language "wholly owned."

Beyond the above--and assuming without knowing for certain from Defendant's allegations that Midstream LLC is somehow relevant to the analysis (because it is either a limited or general partner of Midstream LP)--Defendant fails to "drill down through each layer of ownership, showing the citizenship of each member of each component limited-liability corporation [or other entity] that, collectively, comprise" Midstream LLC. *SREI-Miami, LLC v. Thomas*, No. 08-cv-00730-MSK-BNB, 2008 WL 1944322, at *1 (D. Colo. May 2, 2008). Rather than identify the members of Midstream LLC, as the case law requires, Defendant tells us that Midstream LLC is itself a member of another company called "DCP GP LLC." (Doc. 28 at 1). Although this statement about DCP GP LLC's asserted relationship to Midstream LLC is irrelevant to the citizenship analysis, Defendant's further discussion about DCP GP LLC vaguely suggests that entity might have some relevance to the citizenship of Midstream LLC and/or Midstream LP.

10

That is, Defendant alleges that DCP GP LLC "is the general partner of the General Partner and DCP Midstream **[LLC or LP?]** owns all of the limited interest in the General Partner." (*Id.*). The Court cannot even begin to untangle the words in this sentence to make any sense out of it.

Apart from the incomprehensible sentence quoted above, Defendant goes on to say (apropos to the Court knows not what) that "DCP Midstream LLC is a wholly owned subsidiary of Phillips 66, which is a Delaware corporation with its principal place of business in Texas." (*Id.*). Unless and until Defendant explains why Midstream LLC is relevant to the citizenship analysis, an allegation connecting that entity to Phillips 66 is meaningless. And even assuming that the citizenship of Midstream LLC is attributable in some way to one or both of the DCP Plaintiffs (which again Defendant has not established), Midstream LLC is a limited liability company (as opposed to a corporation), so the term "subsidiary" does not apply. *See* CORPORATION, BLACK'S LAW DICTIONARY (12th ed. 2024) ("….- **subsidiary corporation** (1882) A corporation in which a parent corporation has a controlling share….."). [8] In addition, the relevant inquiry in any event is to identify the members of Midstream LLC, not to identify the corporation of which Midstream, LLC is a member/"subsidiary." If Defendant used this unclear terminology intending to allege that the sole member of Midstream LLC is Phillips 66, it is certainly not possible for the Court to infer that from the words written on the page.

Finally, the Amendment asserts that "Enbridge Inc., a Canadian corporation has the remaining economic interest in the limited partnership [Midstream LP]." But this allegation is

---

[8] A limited liability company has members and managers, while a corporation has shareholders. *Compare* COMPANY, BLACKS LAW DICTIONARY (12th ed. 2024) ("…. **limited-liability company** (1856) A statutorily authorized business entity that is characterized by limited liability for and management by its members and managers ….") with CORPORATION, BLACK'S LAW DICTIONARY (12th ed. 2024) (" … An entity (usu. a business) having authority under law to act as a single person distinct from the shareholders who own it and having rights to issue stock and exist indefinitely ….").

inconsistent with Defendant's previous allegation that Midstream LP is "wholly owned by [Midstream LLC]." Perhaps in the end what Defendant is trying to allege in the Amendment is that Plaintiff Midstream, LP is comprised of one general partner, Midstream LLC, and one limited partner, Enbridge Inc. But the Court is merely guessing here, as the Amendment in no way actually states that to be the case. And even if it did, that would not end the analysis because the Court cannot tell from the Amendment who the members of Midstream LLC are.[9] Defendant appears to address that unanswered question by asserting that "[n]o members of [Midstream LLC] are citizens of Connecticut." (Doc. 28 at 1). But an allegation in the negative is conclusory and insufficient because it omits any facts from which the Court can determine that the asserted negative statement is at least plausibly true. *See, e.g., Lusk v. Juniper Residential Management Grp., LP.*, No. CIV 24-223-F, 2024 WL 967314, at *1 (W.D. Okla. Mar. 6, 2024) ("[A]lleging that no partner is a citizen of Oklahoma is not sufficient. The notice of removal must specifically identify each defendant's partners and the state of citizenship of each of those partners."); *Simmons v. Rosenberg,* 572 F. Supp. 823, 825 (E.D.N.Y. 1983) ("merely averring that [a party] [is] … 'a citizen of a state other than New York'" held insufficient to establish diversity jurisdiction).

A notice of removal that fails to specify the necessary facts to establish diversity jurisdiction is defective. *Hendrix v. New Amsterdam Cas. Co*., 390 F.2d 299, 300 (10th Cir. 1968). Technical defects, however, may be cured by amendment of the notice. *See id.* at 300-02

---

[9] In addition, assuming that the Canadian corporation Enbridge Inc. does play some role in the citizenship analysis, Defendant also would need to address whether, under Tenth Circuit law, Enbridge's principal place of business should be considered in determining its citizenship. *See, e.g., Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC,* 692 F.3d 42, 50 (2d Cir. 2012) (discussing *Franceskin v. Credit Suisse*, 214 F.3d 253, 258 (2d Cir. 2000), wherein the court determined that one of the defendants, a corporation incorporated in Switzerland, was a citizen only of Switzerland, such that it remained an alien corporation, notwithstanding that its principal place of business was in New York).

(permitting amendment of notice of removal to allege principal place of business of defendant and citizenship, rather than mere residence, of plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business; *see also* 28 U.S.C. § 1653 (defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts). Accordingly, the Court will give Defendant one additional opportunity to further amend the Notice of Removal by adding allegations showing the citizenship of each of the parties, as set forth above.

### C.    Federal Rule of Civil Procedure 7.1(a)(2)

Although Defendant bears the burden of pleading facts to support federal jurisdiction, Defendant is aided in that task by Federal Rule of Civil Procedure 7.1(a)(2), which states as follows:

> In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:
>
> (A)    when the action is filed in or removed to federal court, and
>
> (B)    when any later event occurs that could affect the court's jurisdiction under § 1332(a).

Fed. R. Civ. P. 7.1(a)(2).

The DCP Plaintiffs have not filed corporate disclosure statements as required by Rule 7.1. Accordingly, before Defendant is required to file a further amendment to the jurisdictional allegations in the Notice of Removal, the DCP Plaintiffs will be required to file corporate disclosure statements, which shall "name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party." Fed. R. Civ. P. 7.1(a)(2).

**IT IS THEREFORE ORDERED** that on or before <u>**February 17, 2025**</u>, Plaintiffs DCP Operating LP and DCP Mainstream LP shall: (1) file a notice or stipulation that identifies the defendant entity or entities they intend to sue by its/their correct name(s), provided their assertion of a claim against that entity or entities complies with the dictates of Rule 11 of the Federal Rules of Civil Procedure; and (2) file a corporate disclosure statement complying with the requirements of Fed. R. Civ. P. 7.1, including but not limited to subsection (a)(2) of that rule.

**IT IS FURTHER ORDERED** that on or before <u>**February 27, 2025,**</u> Defendant must file an amended Notice of Removal that properly alleges all of the elements for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure. If such an amended Notice of Removal is not filed by February 27, 2025, the Court may recommend that the presiding trial judge remand this action to state court.

IT IS SO ORDERED this 5th day of February, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE