IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DCP OPERATING COMPANY, LP, et al.,

      Plaintiffs,

v.                                                                                                No. 2:24-cv-628 SMD/KRS

TRAVELERS INDEMNITY COMPANY,

      Defendant.

**ORDER DENYING WITHOUT PREJUDICE UNOPPOSED MOTION TO WITHDRAWAL AND SUBSTITUTION OF COUNSEL**

THIS MATTER is before the Court is the Unopposed Motion for Withdrawal and Substitution of Counsel (the "Motion"), (Doc. 70), filed August 6, 2025. The Court **FINDS** that the Motion fails to comply with the Local Civil Rules of the United States District Court for the District of New Mexico and, therefore, shall be **DENIED without prejudice**.

Kristin L. Groman of Resnick and Louis, P.C. ("Groman") asks the Court to withdraw Plaintiffs' current counsel, Daniel J O'Brien of O'Brien & Padilla, P.C., and substitute Groman as the lead attorney in this matter. (Doc. 70) at 1. Groman does not explicitly state whether her firm conferred with Plaintiffs prior to filing the Motion. Nor does she state whether she conferred with opposing counsel.

Motions filed in the District of New Mexico must state: (1) whether they are opposed, and (2) that the movant requested, in good faith, concurrence from the other side. D.N.M.LR-Civ 7.1(a). Motions that do not meet these requirements can be summarily denied. *Id.* The Motion does not state whether the opposing party concurred, nor whether Groman sought concurrence. *See* (Doc. 70). This is one reason the Court denies the Motion.

The Court also denies the Motion because it does not comply with Local Rule 83.8. To

protect litigants and the judicial process, the Local Rules of this District impose numerous requirements on those attorneys wishing to withdraw or substitute an appearance. If the withdrawal is unopposed by the client and other counsel, then the motion must comply with Local Rule 83.8(a). D.N.M.LR-Civ. 83.8(a). Rule 83.8(a) requires that the motion "indicate consent of the client." *Id.* Moreover, the motion must include the "notice of appointment of substitute attorney; or a statement of the client's intention to appear pro se and the client's address and telephone number." *Id.*

If the withdrawal is opposed by the client or other counsel, then the motion must comply with Local Rule 83.8(b). D.N.M.LR-Civ. 83.8(b). Rule 83.8 requires that such motions must, as a threshold matter, be "file[d] and serve[d] on all parties, including the client." *Id.* In addition, the moving attorney must "give notice in the motion that objections must be served and filed within fourteen (14) days from date of service of the motion and that failure to object within this time constitutes consent to grant the motion." *Id.*

It is unclear whether the Motion is opposed by Plaintiffs and other counsel as the Motion fails to state either way. As such, the Motion does not comply with either Local Rule 83.8(a) or 83.8(b). Even if the Court were to construe Groman's representation that the Motion is unopposed by electronic signature of Dan O'Brien and Sophia George, Plaintiffs' current counsel, it is unclear whether Plaintiffs themselves or opposing counsel concur. For these reasons, the Court will deny the Motion without prejudice and allow Groman to refile it in accordance with the Local Rules.

**IT IS THEREFORE ORDERED** that the Unopposed Motion for Withdrawal and Substitution of Counsel, (Doc. 70), is **DENIED without prejudice**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE